## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **TIMOTHY GOOD,** | : | No. 4:18-CV-01868 |
| Plaintiff, | : | |
| | : | Judge Brann |
| *vs.* | : | |
| | : | Electronically Filed |
| **SWN PRODUCTION COM-** | : | |
| **PANY, LLC f/k/a SOUTH-** | : | |
| **WESTERN ENERGY PRO-** | : | |
| **DUCTION COMPANY,** | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S ANSWER TO
## PLAINTIFF'S AMENDED COMPLAINT

SWN Production Company, LLC ("SWN"), answers the amended complaint as follows:

### FIRST DEFENSE

SWN admits the allegations of the following paragraphs or portions of paragraphs: 2 (but with the correction that the defendant's proper name is "SWN Production Company, LLC"; 3; 4 (only to the extent that it alleges that SWN operated the well site). Despite diligent inquiry, SWN is without sufficient information to admit or deny the allegations of the following paragraphs or portions of paragraphs: 1; 4 (to the extent that it alleges that Mr. Good was employed by Halliburton

Energy Services, Inc.); 7 (except with respect to the allegation that SWN controlled the well site at the time of Mr. Good's alleged accident, which allegation is denied); 9 (only to the extent that it alleges that there was a post-accident root-cause investigation); 25-31 (to the extent they allege that Mr. Good suffered certain injuries, that he has undergone certain treatment, that he will be required to undergo certain treatment in the future, that he has expended certain funds and that he will have certain future effects as a result of his alleged accident). The following paragraphs or portions of paragraphs constitute legal conclusions to which no response is required (and, to the extent they may be deemed to allege facts, they are denied): 5, 16, 19-24, 25-31 (to the extent they allege that SWN was negligent). SWN denies all remaining paragraphs or portions of paragraphs of the amended complaint.

## SECOND DEFENSE

The amended complaint, or some part of it, fails to state a claim for which relief may be granted as a matter of law.

## THIRD DEFENSE

The amended complaint, or some part of it, is barred or the potential recovery diminished by the plaintiff's comparative negligence.

## FOURTH DEFENSE

The amended complaint, or some part of it, is barred or the potential recovery diminished by the plaintiff's voluntary assumption of the risk.

## FIFTH DEFENSE

Defendant is immune from tort liability to the plaintiff because the defendant was the plaintiff's statutory employer under the Pennsylvania Worker's Compensation Act.

## SIXTH DEFENSE

The accident alleged in the amended complaint was the result of acts or omissions of parties other than SWN.

## SEVENTH DEFENSE

Some or all of the plaintiff's common-law claim is preempted.

## EIGHTH DEFENSE

Defendant had no legal duty to the plaintiff in the circumstances alleged.

December 3, 2018

Respectfully submitted,

**K&L GATES LLP**

 /s/ David R. Fine
David R. Fine
PA 66742
david.fine@klgates.com
Amy L. Groff
PA94007
amy.groff@klgates.com
17 North Second St., 18th Fl.
Harrisburg, PA 17101
(717) 231-4500 (tel)
(717) 231-4501 (fax)
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that, on December 3, 2018, I filed the attached document with the Court's ECF system such that the following will be served automatically:

Michael J. Zicolello, Esq.
Schemery Zicolello
333 Market Street
Williamsport, PA  17701
*Counsel for Plaintiff*

/s/  David R. Fine