# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIMOTHY GOOD, | No. 4:18-CV-01868 |
| Plaintiff, | (Judge Brann) |
| v. | |
| SWN PRODUCTION CO., LLC f/k/a SOUTHWESTERN ENERGY PRODUCTION CO., | |
| Defendant. | |

## MEMORANDUM OPINION

### JANUARY 30, 2020

This case arises out of a workplace accident at an oil well and is premised on this Court's diversity jurisdiction. Plaintiff Timothy Good seeks leave to amend his complaint. Defendant SWN Production Co., LLC (SWN) opposes. For the reasons set forth below, that motion is granted in part and denied in part.

**I.     PROCEDURAL HISTORY**

Good filed his complaint on September 25, 2018.[1] He filed an amended complaint on October 12, 2018.[2]

---

[1] Complaint (ECF No. 1).

[2] Amended Complaint (ECF No. 4).

On February 4, 2019, this Court issued a case-management order.[3] That order prescribed that amended pleadings were to be filed by March 1, 2019 and that fact discovery was to close by October 1, 2019.[4] Following Good's motion, on September 20, 2019, this Court granted a two-month extension to the fact-discovery deadline.[5]

Fact discovery closed on December 1, 2019.[6] On December 11, 2019, Good filed the instant motion for leave to file a second amended complaint.[7]

## II. DISCUSSION

Good seeks leave to file a second amended complaint. Because the deadline for filing amended pleadings provided in this Court's case-management order has passed, Good must satisfy both Federal Rule of Civil Procedure 16(b)(4) and Federal Rule of Civil Procedure 15(a)(2) in seeking leave to file a second amended complaint.[8]

After the pretrial scheduling order's deadline for filing motions to amend the pleadings has passed, Rule 16(b)(4) requires a party seeking to modify the deadline to demonstrate "good cause." The United States Court of Appeals for the Third

---

[3] Case Management Order (ECF No. 13).

[4] *Id.* at ¶¶ 2, 3.

[5] Order (ECF No. 19).

[6] *Id.*

[7] Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 22).

[8] *See Graham v. Progressive Direct Ins. Co.*, 271 F.R.D. 112, 118 (W.D. Pa. 2010).

Circuit has stated that this inquiry "focuses on the moving party's burden to show due diligence."[9] Good cause may be found when the moving party "could not have reasonably met the deadlines set forth in the scheduling order."[10]

If the party seeking leave to amend the pleading satisfies the good-cause standard under Rule 16, it must then show that the proposed amendment is proper under Rule 15. Rule 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Despite this relatively lenient standard, leave to amend may be denied on grounds of "undue delay, bad faith, dilatory motive, prejudice and futility."[11] "In the Third Circuit, the touchstone for the denial of leave to amend is undue prejudice to the non-moving party."[12]

Most of the amendments Good seeks are cosmetic in nature. However, Paragraphs 24 and 25 of the proposed second amended complaint appear to present new theories of liability:

> 24. Defendant SWN Production Company, LLC f/k/a Southwestern Energy Production Company was negligent by failing to ensure that the Halliburton foreman supervised the work on site.
> 25. Defendant SWN Production Company, LLC f/k/a Southwestern Energy Production Company was negligent due to the failure of

---

[9] *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010).

[10] *Lee v. Park*, Civil Action No. 12-7437(ES), 2015 WL 1523066, at *2 (D.N.J. Apr. 2, 2015).

[11] *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[12] *Trout v. Wentz*, Civil Action No. 1:10-CV-439, 2011 WL 1842743, at *2 (M.D. Pa. May 16, 2011) (*citing Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413–14 (3d Cir. 1993)).

> its representative on site i.e. "the company man" or any other of its employees or representatives to ensure that the workers on site were being supervised in the performance of their work.[13]

Good has not demonstrated good cause under Rule 16 for his delay in pleading these theories. The facts needed to identify these theories were fully available to Good from the beginning of this lawsuit—as Good's original complaint describes SWN's supervisory role.[14] Further, Good personally observed both SWN and Halliburton while present at the worksite. Despite this, Good waited until the close of fact discovery, over nine months past the deadline to file amended pleadings set by the case-management order, to seek amendment. Good has not provided an explanation for this delay.

Excusing Good's lack of diligence would, I believe, unfairly prejudice SWN. Throughout fact discovery, SWN was not on notice that Good would pursue these avenues of liability. Good waited until the close of fact discovery to introduce them, after SWN had already begun work on its dispositive motions. Were this amendment permitted, fact discovery would likely need to be reopened for more document discovery and to reconvene depositions. This would impose costs in the form of both money and time that would have been avoided but for Good's delay.

---

[13] Second Amended Complaint (Proposed) (ECF No. 22-1).

[14] *See* Complaint ¶ 3 (ECF No. 1).

For these reasons, I find that Good has not shown good cause to modify the deadline to include the proposed Paragraphs 24 and 25 of his second amended complaint under Rule 16(b)(4), and I further deny leave to amend to include those proposed paragraphs under Rule 15(a)(2). However, I grant leave to file a second amended complaint with the remaining, proposed cosmetic changes. There was good cause for the delay with respect to these proposed amendments because they include details that were not readily available earlier in the litigation. Further, SWN will not be prejudiced because these clarifying amendments will not necessitate reopening fact discovery.[15]

## III. CONCLUSION

Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 22) is **GRANTED IN PART** and **DENIED IN PART**.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[15] *See Wainwright v. City of Sharon*, Civil Action No. 14-1212, 2016 WL 110015, at *4 (W.D. Pa. Jan. 11, 2016) (permitting amendment when proposed amendments would "merely utilize facts adduced during discovery to clarify and refine their claims").